UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

BRETT ELLIOTT,

        Plaintiff,

    v.

SHERIFF DANIEL STATION, CHIEF DEPUTY TIM MOORE, CAPTAIN MONTE RESIER, BOB SKIPPER, CAPTAIN CAROL HASLER, JOHN DOES #1-10, Multnomah County Sheriff Department employees, and MULTNOMAH COUNTY, by and through the Multnomah County Sheriff's Office, a political subdivision of the State of Oregon

        Defendants.

Case No. 3:11-cv-01536 -ST

OPINION AND ORDER

STEWART, Magistrate Judge:

## INTRODUCTION

      In connection with his employment at the Multnomah County Sheriff's Office, plaintiff, Brett Elliot ("Elliot"), filed a Complaint on December 21, 2011, against Multnomah County and five of its current and former employees: Sheriff Daniel Staton ("Staton"), Chief Deputy Tim Moore ("Moore"), Captain Monte Reiser ("Reiser"), Bob Skipper ("Skipper"), and Captain Carol Hasler ("Hasler"), as well as John Does ## 1-10. He alleged substantive and procedural due process claims pursuant to 42 USC § 1983 (First and Second Claims), conspiracy to deprive him

1 – OPINION AND ORDER

of equal protection of the law pursuant to 42 USC §1985 (Third Claim), whistleblower retaliation in violation of ORS 659A.230 and 659A.199 (Fourth and Fifth Claims), and common law claim of intentional infliction of emotional distress ("IIED") (Sixth Claim).

Defendants filed a Motion to Dismiss all claims except the procedural due process claim (Second Claim) (docket # 14). Elliott voluntarily dismissed the Third and Sixth Claims (docket # 24), and this court issued Findings and Recommendation (docket # 25) ("F&R") to dismiss: (1) the First Claim alleging a substantive due process violation with prejudice; (2) the Fourth and Fifth Claims alleging violations of ORS 659A.230 and ORS 659A.199 as to defendants Moore, Staton, Hasler, Reiser, Skipper, and John Does with prejudice and as to defendant Multnomah County without prejudice and with leave to replead additional retaliatory acts within the statute of limitations; and (3) all claims against defendants Hasler and Skipper with prejudice and against defendants Moore and Reiser without prejudice and with leave to replead.

Elliott has now filed a Motion to File Amended Complaint (docket # 29), attaching a proposed First Amended Complaint ("FAC"). In response to defendants' objections to the FAC, Elliott filed a Reply, attaching a proposed Second Amended Complaint ("SAC") (docket # 37-1). The proposed SAC resolves two of defendants' objections by removing references to Skipper and Hasler as defendants and to Title VII. Three of defendants' objections remain to:

1. Allegations drawn from settlement discussions;

2. Allegations based on an alleged "oral admission" by defendants' counsel; and

3. Allegations reasserting claims barred by the statute of limitations.

Since Elliott has withdrawn his proposed FAC and now seeks to file the proposed SAC, this court addresses only the allegations in the proposed SAC. The proposed SAC alleges three of the claims alleged in the original Complaint, namely violation of § 1983 based on a denial of

2 – OPINION AND ORDER

procedural due process (First Claim) and whistleblower retaliation in violation of ORS 659A.230 ("Fourth" Claim) and ORS 659A.199 ("Fifth" Claim).[1]  It also alleges the following new claims: violation of § 1983 based on First Amendment retaliation (Second Claim); hostile work environment in violation of ORS 659A.230 ("Fourth" Claim);  and violation of §1983 based on *Monell* ("Fifth" Claim).  Elliott's motion to amend is granted in part and denied in part as explained below.

## STANDARDS

Under FRCP 15(a), after 20 days from the date when the initial complaint was served, "a party may amend [its] pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Deciding whether to grant leave to amend, the Supreme Court has offered the following guidance:

> In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 US 178, 182 (1962).

Of these factors, consideration of prejudice to the opposing party carries the greatest weight.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F3d 1048, 1052 (9th Cir 2003).

///

///

///

---

[1] The proposed SAC does not include a Third Claim and contains two Fourth Claims and two Fifth Claims.  The claims should be renumbered appropriately prior to filing.

3 – OPINION AND ORDER

## ANALYSIS

**I.    Settlement Discussion**

Elliott seeks to add the following allegations from a conversation between counsel concerning settlement which occurred prior to and after the April 18, 2012 oral argument on this motion:

> At court on oral argument on the last round of motions, counsel for Multnomah County, Ms. Morf, advised Plaintiff counsel that the Sheriff just wanted Elliott to retire and "go away."
>
> Staton has advised his lawyer who advised Plaintiff['s] counsel that he just wanted Elliott to retire and go away.
>
> . . .mistreatment by the various defendants in this action toward Elliot *(sic)* to force him to "retire and go away.

Proposed SAC, ¶¶ 49, 70(15), 74.

Defendants argue these allegations are inadmissible statements "made during compromise negotiations" under FRE 408. The clear purpose of FRE 408 is to prevent settlement discussions from being used to establish liability in a case. As a result, parties can engage in full and frank settlement discussions without fear that their statements will be taken out of context and used to their detriment in court. *Rhoades v. Avon Prods.*, 504 F3d 1151, 1161 (9th Cir 2007) ("Rule 408 is designed to ensure that parties may make offers during settlement negotiations without fear that those same offers will be used to establish liability should settlement efforts fail.")

Defendants contend that the alleged statements were part of a settlement discussion. Morph Decl.,[2] ¶ 4 ("Every statement I made in that conversation was for the purpose of

---

[2] The parties have submitted documents with various attachments. Citations to affidavits, declarations, and depositions are identified by the last name of the affiant, declarant, or deponent, and citations are to the paragraph(s) of the affidavit or declaration or to the page(s) of the deposition transcript

4 – OPINION AND ORDER

settlement. At the time I engaged in settlement discussions with Plaintiff's Counsel, I expected that my statements would not be used as evidence in this case.") Elliott disagrees, suggesting that the conversation was nothing more than "posturing" and was not "confidential" as it was held in the presence of court staff without any request "to hold the conversation privately." Burrows Decl., ¶ 9.

Based on the description by Elliott's counsel, defendants' two counsel approached her and "once again asked what my client wanted." *Id*, ¶ 3. She explained that Elliott wanted his back pay and lost PERS contributions. *Id.* Defendants' counsel noted that they would be meeting with the sheriff to discuss the case and wanted to know what they could tell him about Elliott's demand. *Id.* Later in the conversation, defendants' counsel mentioned that Elliott should try to settle before it was too late. *Id*, ¶ 4. They also asked Elliott's counsel to send an email with her client's demand. *Id*, ¶ 7. Elliott's counsel responded by asking what the case was worth to the sheriff "to make [Elliott] go away." *Id*. Defendants' counsel answered that "it is the Plaintiff's duty to open settlement." *Id.* Even from this perspective, it is clear that this conversation was a "compromise negotiation" pertaining to settlement. Defendants' counsel began the conversation asking what Elliott "wanted," suggested that counsel should try to settle, and explained that they would be discussing Elliott's demand with their client, and that Elliott should "open settlement." Therefore, they qualify as statements "made during compromise negotiations" under FRE 408.

Alternatively, Elliott argues that FRE 408 only prohibits discussions offered for the purpose of evidence and excludes allegations made in a pleading. However, the allegations go to the heart of the Elliott's retaliation claims and are offered for the purpose of proving liability.

5 – OPINION AND ORDER

Since they are inadmissible for that purpose, Elliot may not refer to them in any context.  Thus, his motion to amend is denied as to these allegations.

## II.    Admission

Elliott also seeks to amend to add the following allegation:

> At oral argument on April [18,] 2012 counsel for Multnomah County admitted that demotion and loss of pay would be unlawful retaliatory actions, if they occurred.  These statements are contained in a transcript which has been ordered by Plaintiff.  These statements were made by counsel in response to an inquiry by the court.

Proposed SAC, ¶ 48.

A representation made at oral argument is a judicial admission.  *United States v. Wilmer*, 799 F2d 495, 502 (9th Cir 1986), *cert denied*, 481 US 1004 (1987); *see also American Civil Liberties Union of Nev. v. Masto*, 670 F3d 1046, 1065 (9th Cir 2012).   Defendants argue that these statements do not amount to a judicial admission of liability.

The statements were made in response to the court's somewhat inarticulate question as to whether certain alleged retaliatory acts were discrete acts barred by the statute of limitations or, instead, were part of a pattern of conduct supporting the continuing tort theory.

> THE COURT: . . .Your position is, even though they may all be treated as part of a retaliation, *even if true*¸ that they are all in retaliation [, y]our argument is that this cannot be viewed as a continuing hostile work environment.  Instead, we have to divide it into discrete acts.  Is that right?  Am I understanding  your argument on that?
>
> MS. VON TER STEGGE:   Our argument is that the transfers and the demotions are clearly discrete acts *that would have given rise* to a cause of action at the time they occurred.

Transcript, pp. 11-12 (emphasis added).

Elliott misconstrues these statements.  The use of the conditional simple tense by defendants' counsel indicates that the alleged acts, if retaliatory, might prove retaliation, not an

admission that they were, in fact, retaliatory and do prove retaliation.  Accordingly, the motion to amend is denied as to paragraph 48 in the SAC.

### III.    Statute of Limitations

This court previously ruled on the motion to dismiss as follows:

> The adverse actions alleged by Elliot relating to his transfers and demotion are the sort of "discrete, permanent events" similar to those alleged in *Morgan* which cannot form the basis of a continuing tort.  Each of those acts would have been a sufficiently adverse action to support a separate claim by Elliot of an unlawful employment practice.  Although Elliot alleges that the retaliation and adverse treatment continues, he has alleged no supporting facts of such treatment.

F&R, p. 16.

Accordingly, this court allowed Elliott to amend "to allege more facts to support a continuing tort that will bring these [Fourth and Fifth Claims] within the statute of limitations." *Id*, 17.  Regarding defendants Moore and Staton, the court also allowed Elliot to amend "to allege facts regarding Moore acting in concert with Sheriff Staton and engaging in ongoing retaliation against Elliott." *Id*, p. 18.

The court also dismissed with prejudice some allegations and claims as time-barred.  These include allegations relating to Elliot's transfers as a Captain and his demotion and concurrent transfer to the River Patrol. *Id*, p. 17.

Despite these rulings, defendants argue that Elliott still attempts to allege claims based on time-barred events.[3]  Elliott filed his complaint on December 21, 2011.  In Oregon, the statute of limitations for § 1983 claims is two years. *Sain v. City of Bend*, 309 F3d 1134, 1139 (9th Cir 2002).  The statute of limitations for the state whistleblower

---

[3] In their prior motion, defendants moved to dismiss the substantive due process claim based on qualified immunity and did not move to dismiss the procedural due process claim.  Thus, the court did not address the two-year statute of limitations issue with respect to the § 1983 claims.

7 – OPINION AND ORDER

retaliation claims is one year. ORS 659A.875. Thus, defendants argue that Elliott cannot premise his § 1983 claims on any alleged acts occurring before December 20, 2009, and cannot premise his whistleblower claims on any alleged acts occurring before December 20, 2010.

In particular, defendants object to the allegations in the First Claim of the proposed SAC that Elliott "was removed from work on several occasions and threatened by two sheriffs" (¶ 70(2)), "was removed from his position within administration, stripped of his office, his staff, his duties and placed in a job formerly held by clerical workers" (¶ 70(4)), "was given a pretext position within the department as a location several miles from his duties [and] required to work in a small cubicle and travel daily to work as a 'hearings officer'" (¶ 70(6)). These allegations are incorporated by reference in all subsequent claims.

It is unclear when Elliott "was removed from work on several occasions and threatened by two sheriffs." At least one such incident occurred within the statute of limitations, namely on December 24, 2010, when Sheriff Staton allegedly ordered Elliott to take the children on the water safety course despite policy restrictions. SAC, ¶ 57.

However, the other two alleged acts occurred before December 20, 2009. Elliott was transferred to the "clerical" position in April 2009 and remained there until December 2009. SAC, ¶ 36. He became a hearings officer in December 5, 2009. *Id*, ¶¶ 36, 41. To the extent that these are "discrete acts" that would by themselves be actionable if they were within the proper statute of limitations, they are barred. *See National R.R. Passenger Corp. v. Morgan*, 536 US 101, 115 (2002); *Griffin v. Tri-County Metro. Transp. Dist.*, 112 Or App 575, 580, 831 P2d 42, 45 (1992) (finding that each incident of a series did not by itself support a claim, but the incidents as a whole were a systematic pattern of conduct that led to a specific injury), *rev'd in*

8 – OPINION AND ORDER

*part on other grounds*, 318 Or 500, 870 P2d 808 (1994). However, Elliott responds that these acts are relevant in order to connect the discrete acts occurring both before and after the statute of limitations period in order to prove a continuing tort. To the extent that these allegations merely support the continuing tort theory, they are permissible.

## **ORDER**

For the reasons stated above, plaintiff's Motion to File Amended Complaint (docket # 29) as set forth in the proposed Second Amended Complaint (docket # 37-1) is DENIED as to the following allegations and otherwise GRANTED:

> At oral argument on April [18,] 2012 counsel for Multnomah County admitted that demotion and loss of pay would be unlawful retaliatory actions, if they occurred. These statements are contained in a transcript which has been ordered by Plaintiff. These statements were made by counsel in response to an inquiry by the court.
>
> At court on oral argument on the last round of motions, counsel for Multnomah County, Ms. Morf, advised Plaintiff counsel that the Sheriff just wanted Elliott to retire and "go away."
>
> Staton has advised his lawyer who advised Plaintiff['s] counsel that he just wanted Elliott to retire and go away.
>
> . . .mistreatment by the various defendants in this action toward Elliot *(sic)* to force him to "retire and go away.

Proposed SAC, ¶¶ 48, 49, 70(15), 74.

Plaintiff's Second Amended Complaint is due on or before July 6, 2012.

DATED June 22, 2012.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge
